UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TIDE NATURAL GAS STORAGE I, L.P. and :
TIDE NATURAL GAS STORAGE II, L.P., :
          Plaintiffs/Counterclaim :
          Defendants, :
             :
     -against- :
           : 10 CV 5821 (KMW) (THK)
FALCON GAS STORAGE COMPANY, INC.; : <u>Opinion & Order</u>
          Defendant/Counterclaim :
          and Crossclaim Plaintiff, :
           :
ARCAPITA BANK B.S.C.; and ARCAPITA, :
INC.; :
          Defendants, :
           :
and HSBC BANK USA, NATIONAL :
ASSOCIATION, :
          Defendant/Crossclaim :
          Defendant. :
-----------------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

      Plaintiffs/Counterclaim Defendants Tide Natural Gas Storage I, L.P. and Tide Natural Gas Storage II, L.P. (collectively, "Tide") bring this action against Defendant/Counterclaim and Crossclaim Plaintiff Falcon Gas Storage Company, Inc. ("Falcon") and Defendants Arcapita Bank, B.S.C.(c) and Arcapita, Inc. (together, "Arcapita"). On April 12, 2012, John H. Hopper and other individuals and entities (collectively, "the Hopper Parties") moved to intervene. [Dkt. No. 122]. Tide opposed the motion, arguing that although "the Hopper Parties may have a direct interest in the outcome of this litigation, they do not have a direct interest in the subject matter of this litigation." [Dkt. No. 125 at 1]. On May 1, 2012, however, before the deadline for the Hopper Parties to file their reply, Falcon filed a Suggestion of Bankruptcy. [Dkt. No. 129].

      On May 16, 2012, this Court stayed the proceedings pursuant to 11 U.S.C. § 362(a). [Dkt. No. 131]. On September 12, 2012, in light of this stay, the Court denied the Hopper

Parties' motion to intervene without prejudice to refiling. [Dkt. No. 132]. Furthermore, in light of the automatic stay provisions of § 362(a), the Court placed this cased on suspense. [Dkt. No. 132].

On April 18, 2013, the Court lifted the stay so that discovery and other case activity may resume. [Dkt. No. 140]. The Hopper Parties have now refiled their motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2), or alternatively, by permission under Rule 24(b)(1)(B). [Dkt. No. 137]. The motion is unopposed. For the foregoing reasons, the Hopper Parties motion to intervene is GRANTED.

Intervention may be granted on a permissive basis under Federal Rule of Civil Rule 24(b), which provides in relevant part:

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>     (A) is given a conditional right to intervene by a federal statute; or
>     (B) has a claim or defense that shares with the main action a common question of law or fact.
> . . .
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). Additional relevant factors include "[1] the nature and extent of the intervenors' interests, [2] the degree to which those interests are adequately represented by other parties, [3] and whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Diversified Grp., Inc. v. Daugerdas, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (Scheindlin, J.) (internal quotation marks omitted) (quoting H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986)). "Permissive intervention . . . is within the discretion of the district court." Id. (citing H.L. Hayden, 797 F.2d at 89).

The Court finds that permissive intervention is justified in this case. The Hopper Parties assert an interest in a portion of the escrow fund at issue. Accordingly, common questions of law and fact exist that warrant joint adjudication of the Hopper Parties' interests along with those of the Parties. Moreover, given that this case has only recently emerged from the bankruptcy stay, and given that the Parties are only now beginning fact discovery, the Court finds little risk of undue delay or prejudice.

Accordingly, the Hopper Parties motion to intervene is GRANTED. [Dkt. No. 137]. The Hopper Parties are permitted to file the Complaint in Intervention attached to their motion. [Dkt. No. 138 Ex. A].

The Hopper Parties have also requested that the Court hold a conference to determine how best to resolve the question of whether the escrowed funds are property of the debtors' estate. Tide opposes a conference, stating that such questions should be left to the Bankruptcy Court. In lieu of a conference, the Court directs Plaintiffs and Defendants—that is, Tide, Falcon, and Arcapita—to submit a joint letter to the Court describing the issues that will be decided by this Court. The letter should address the claims asserted by the Hopper Parties. This letter should be submitted to the Court no later than Monday August, 21, 2013.

SO ORDERED.

DATED:   New York, New York
         August 7, 2012

/s/_____
KIMBA M. WOOD
United States District Judge